**Frank P. LEONE et al., Plaintiffs,**

v.

**MOBIL OIL CORPORATION,
Defendant.**

**No. 285-73.**

United States District Court,
District of Columbia,
Civil Division.

July 11, 1974.

George H. Cohen, Bredhoff, Barr, Gottesman, Cohen & Peer, Washington, D. C., for plaintiffs.

Stanley R. Strauss, Washington, D. C., for defendant.

MEMORANDUM OPINION AND
ORDER

JOHN LEWIS SMITH, Jr., District Judge.

This case arises under the Occupational Safety and Health Act of 1970 (hereinafter "OSHA"), 29 U.S.C. § 651 et seq., which seeks to assure safe and healthful working conditions for the Nation's workforce.[1] The OSHA provides that the Secretary of Labor shall promulgate safety and health standards[2] which may be enforced through physical plant inspections by federal inspectors.[3] Section 657(e), 29 U.S.C., provides that employee representatives be given the opportunity to accompany federal inspectors, as well as company representatives, on the inspection tours.[4] At

---

1. See the Congressional statement of purpose and policy at 29 U.S.C. § 651(b).

2. 29 U.S.C. § 655.

3. 29 U.S.C. § 657.

4. 29 U.S.C. § 657(e) provides:
   "(e) Subject to regulations issued by the Secretary, a representative of the employer and a representative authorized by his employees shall be given an opportunity to

accompany the Secretary or his authorized representative during the physical inspection of any workplace under subsection (a) of this section for the purpose of aiding such inspection. Where there is no authorized employee representative, the Secretary or his authorized representative shall consult with a reasonable number of employees concerning matters of health and safety in the workplace."

issue in this case is whether employees who participated in a § 657(e) inspection tour must be compensated by their employer for time spent on the tour. For reasons set forth *infra,* the Court finds that such compensation is not required.

Plaintiffs are employed by the Mobil Oil Corporation at its Paulsboro, New Jersey refinery. Pursuant to a request by their union, the Acting Regional Administrator of the Occupational Safety and Health Administration directed an inspection of the refinery. The inspection took place at periodic intervals over twenty-one days during the last quarter of 1971. Pursuant to § 657(e), plaintiffs were selected by their union as representatives authorized by the employees to participate in so-called walkaround inspections of the Company's premises. During the walkarounds, plaintiffs were accompanied by federal inspectors and representatives of the Company. The Company initially paid plaintiffs for time spent on the early walkarounds but later changed its policy with the result that none of the plaintiffs received compensation for time spent on walkarounds covering the final twelve days of inspections. All walkarounds occurred during normal working hours.

Plaintiffs contend they are due compensation for the walkarounds under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201 et seq., as amended, which requires the payment of a minimum wage to "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce . . . ." 29 U.S.C. § 206 (a). It is plaintiffs' position that the time spent on the walkarounds constituted compensable "hours worked" under the scope of the FLSA.

The Supreme Court has interpreted the FLSA to embrace time spent in "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Tennessee Coal Co., v. Muscoda Local 123,

321 U.S. 590, 598, 64 S.Ct. 698, 703, 83 L.Ed. 949 (1944). The hours worked in *Tennessee* comprised the time spent by miners traveling underground to and from the place in the mine where the ore was drilled and loaded. The Court noted:

"Such travel, furthermore, is not primarily undertaken for the convenience of the miners and bears no relation whatever to their needs or to the distance between their homes and the mines. Rather the travel time is spent for the benefit of petitioners and their iron ore mining operations." *Id.* at 599, 64 S.Ct. at 703.

The Court subsequently held the FLSA to include situations where an employee was required to be on call for possible work even though no physical exertion was performed during the standby period. Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944); Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). These cases concerned company firemen who were required to spend after duty hours in the company fire hall in order to respond to any alarms. The Court in *Armour* observed:

"Of course an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen. * * * Readiness to serve may be hired, quite as much as service itself . . . . Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case." 323 U.S. at 133, 65 S.Ct. at 168.

Common to these cases is the recognition that hours worked under the FLSA necessitates work controlled or required by the employer as well as work pursued necessarily and primarily for the benefit of the employer and his business. Jewell Ridge Corp. v. Local 6167, 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534 (1945). In the instant case, however, the plant walkarounds are not controlled or required by defendant. On

the contrary, they are plainly voluntary. The OSHA provides that a representative authorized by the employees "shall be given an opportunity" to participate in the walkaround. 29 U.S.C. § 657(e). Under § 657(e), employees have a clear choice to either accept the opportunity afforded them or to continue in their normal work routine. Participation in a walkaround is neither required, supervised nor controlled by the defendant; it is a purely voluntary election by the employee.

In addition to being voluntary, the walkarounds are also designed primarily for the benefit of employees rather than employers. The legislative history to § 657(e) indicates that the purpose of employee participation in the walkaround is to enable employees "to aid in the inspection and provide an appropriate degree of involvement of employees themselves in the physical inspections of their own places of employment . . . ." [5] It may be that through effective enforcement of the OSHA, collateral benefits will inure to employers through reduced insurance premiums and fewer accident related production interruptions. Nevertheless, as the stated purpose of the OSHA makes clear, the beneficiaries are "every working man and woman in the Nation." [6]

▮ Of special significance to this controversy is a March, 1972 decision of the Assistant Secretary of Labor, Occupational Safety and Health Administration,[7] in response to a complaint filed by plaintiffs' union against the defendant. That complaint alleged that Mobil's failure to pay its employees for time spent accompanying Compliance Safety and Health Officers during the 1971 inspection at the Paulsboro refinery violated section 11(c) of the OSHA, 29 U.S.C. § 660(c)(1), which prohibits employer sanctions against employees for exercising rights afforded them by the Act.[8] In finding for the defendant, the Assistant Secretary relied on and adopted a Legal Opinion by the Solicitor of the U. S. Department of Labor in which the Solicitor found that a refusal to compensate for walkaround time is not discriminatory *per se* under § 660(c)(1) and that walkaround time is not compensable working time under the FLSA. The Solicitor noted:

" . . . Section [657(e)] does not require that a representative authorized by employees accompany that compliance officer during the inspection.

\* \* \* \* \* \*

All that is required of the employer is that he permit the employee representative to be relieved of his usual production duties during the inspection."

The Assistant Secretary has properly interpreted the statute. Section 657(e) confers upon plaintiffs a statutory right to temporarily depart from normal work activity. The FLSA, however, only requires compensation for time spent performing normal work activity as defined by that Act and as interpreted by the courts. Defendant's refusal to compensate plaintiffs for time spent exercising a statutory right not to work is, therefore, wholly consistent with the FLSA.

Accordingly, defendant's cross-motion for summary judgment is granted and the case is dismissed.

5. S.Rep.No.91–1282, 91st Cong., 2nd Sess. (1970), U.S.Code Cong. & Admin.News, p. 5187.

6. See note 1, *supra.*

7. BNA Occupational Safety & Health Reporter, p. 962 (1972).

8. 29 U.S.C. § 660(c)(1) provides:
"(c)(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in 'any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."